Rockingham County Probate Court
No. 84-501

*In re* ESTATE OF LEONA A. BUTTERFIELD

April 18, 1985

*Stephen E. Merrill*, attorney general (*Leslie J. Ludtke*, assistant attorney general, on the brief, and *Marc R. Scheer*, assistant attorney general, orally), for the State.

*Holland, Donovan, Beckett & Welch*, of Exeter (*Stephen G. Hermans* on the brief and orally), for Waldo K. Butterfield.

BATCHELDER, J. In this appeal, we are asked whether a stepchild's survivorship rights in a bank account owned jointly with a stepparent are subject to legacy and succession tax under RSA 86:8 (Supp. 1983) upon the death of the stepparent. We hold that the survivorship rights are not taxable.

Leona A. Butterfield died on September 7, 1983. At the time of her death, she held a joint checking account with her stepson, Waldo K. Butterfield. Upon her death, the balance in the account of $12,060.17 automatically was transferred to Waldo K. Butterfield.

On December 21, 1983, the department of revenue administration assessed a legacy and succession tax of $1,809.03 upon the right of Waldo K. Butterfield to the balance remaining in the joint account. The taxpayer appealed the assessment to the Rockingham County Probate Court (*Maher*, J.), alleging that he was exempt from the legacy and succession tax under RSA 86:6-b (Supp. 1983). After a hearing, the probate court granted the taxpayer's request for a tax abatement. The department of revenue administration appeals.

RSA 86:8 (Supp. 1983) provides:

"Whenever property . . . is deposited in banks or other depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons, the right of the survivor to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under this chapter, *in the same manner as though the whole property to which*

*such transfer relates was owned by said parties as tenants in common and had been devised or bequeathed to the survivor by such deceased joint owner . . . ."*

(Emphasis added.)

RSA 86:6-b (Supp. 1983) provides:

"All property within the jurisdiction of the state, real or personal, and any interest therein, belonging to domiciliaries of the state; and all real estate within the state, or any interest therein, belonging to persons who are not domiciliaries of the state; *which shall pass by will, shall be exempt from the tax imposed [under this chapter] if it passes . . . [f]rom a stepparent to a stepchild . . . ."*

(Emphasis added.)

RSA 86:8 (Supp. 1983) plainly provides that the interest in a joint bank account that passes to a surviving joint owner upon the death of another owner is taxable to the extent that such a transfer would be taxable had it occurred pursuant to a will. RSA 86:6-b (Supp. 1983) exempts from taxation transfers by will from a stepparent to a stepchild. These two sections of the statute therefore exempt from legacy and succession tax a stepchild's survivorship rights in a bank account owned jointly with a stepparent.

*Affirmed.*

All concurred.